UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CERTAIN UNDERWRITERS AT                      CIVIL ACTION
LLOYD'S, LONDON

VERSUS                                       NO: 06-4515

METALPRO INDUSTRIES, L.L.C.                  SECTION: "J" (4)

### ORDER AND REASONS

Before the Court is defendant's Motion to Stay, Or Alternatively, Dismiss. (Doc. 7.) The motion is opposed. The Court finds for the following reasons that defendant's Motion to Dismiss should be **GRANTED**.

### BACKGROUND

Plaintiff Certain Underwriters at Lloyd's, London ("Certain Underwriters") issued an insurance policy of excess flood coverage for defendant MetalPro Industries, L.L.C.'s ("MetalPro") steel-fabrication company located in Chalmette, Louisiana. The property flooded during Hurricane Katrina. Certain Underwriters paid MetalPro's claim for damages to the building structure, but denied the claim for damages to the steel-fabrication equipment.

1

On August 22, 2006 Certain Underwriters filed the above-captioned declaratory judgment action in this Court. On August 28, 2006, just before the anniversary of the loss, MetalPro filed an action in State court against Certain Underwriters alleging that its losses were covered under the policy and, in the alternative, that its insurance agents failed to procure the coverage that MetalPro had requested.

## DISCUSSION

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In *Wilton v. Seven Falls*, the Supreme Court made it clear that, because the Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'," the district court has "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88 (1995). Even when a declaratory action is justiciable and within the Court's authority to decide, the Court must still determine whether to exercise its discretion to decide or dismiss the

action. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003)(citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

Following Fifth Circuit precedent, this Court informs its discretion by considering seven nonexclusive factors. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). These factors are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses,...6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy and, ...[7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* (quoting *Travelers Ins. Co. v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993))

"[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 32 F.3d 948, 950 (5th Cir. 1994). Thus, this factor has been considered "of

paramount concern." *Am. Fid. Ins. Co. v. Acadian Geophysical Serv., Inc.*, 1997 WL 786233, *2 (E.D. La. 1997). The sole issue in this case is whether the excess insurance policy issued by Certain Underwriters covers the equipment in MetalPro's business. That issue is also being litigated in State court. Both of the parties in this action are joined in the State court action. The existence of a parallel State action favors dismissal.

Certain Underwriters filed the declaratory complaint six days before MetalPro filed the State action naming Certain Underwriters as a defendant. Certain Underwriters seeks a declaratory judgment on a central issue in the State action. This sequence of events clearly suggests that Certain Underwriters filed its federal declaratory action in anticipation of the impending litigation by MetalPro.

The named defendants in the State action, other than Certain Underwriters, are Louisiana citizens. The damage occurred in Louisiana. The insurance policy was issued in Louisiana. Louisiana law applies to the case. Had the State action been brought a week earlier, naming Certain Underwriters as a defendant along with several Louisiana defendants, it would have been impossible for Certain Underwriters to have removed it to federal court based on diversity jurisdiction. Acting first and filing suit as a plaintiff seeking declaratory relief (rather

than waiting to be named defendant in the State action) was the only way Certain Underwriters could have gotten this case into federal court. "[I]t has long been recognized that "'[t]he wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing ... to choose a forum.'" *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988) (quotations omitted). Preemptive choice of an otherwise unavailable forum seems to be the main reason for filing this declaratory action.

Finally, judicial economy recommends that the interrelated issues of coverage and agent liability be resolved in one action in State court, rather than in two parallel actions.

Based on all of these considerations, the Court sees no good reason to exercise its discretion in favor of deciding this declaratory action. Accordingly,

**IT IS ORDERED** that defendant's Motion to Stay, Or Alternatively, Dismiss (Doc. 7) is **GRANTED**;

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice.

New Orleans, Louisiana, this the 25th day of April, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE